**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4292**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO DEON WALKER,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Robert G. Doumar, Senior
District Judge.  (4:08-cr-00079-RGD-FBS-1)

———————

Submitted:  February 25, 2010          Decided:  April 16, 2010

———————

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard E. Gardiner, Fairfax, Virginia, for Appellant.  Robert
Edward Bradenham, II, Assistant United States Attorney, Newport
News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Deon Walker appeals from the 360-month sentence imposed following his jury conviction on one count of conspiracy to obstruct, delay, and affect interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (2006) ("Count 1"), one count of obstructing, delaying, and affecting interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Count 2"), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count 3"). Walker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in not permitting Walker's counsel to inquire whether a Government witness expected favorable consideration at sentencing in an unrelated state prosecution. Walker filed a pro se supplemental brief, arguing that the Government failed to prove that the alleged robbery affected interstate commerce and questioning the credibility of the witnesses. The Government has not filed a brief. Finding no error, we affirm.

"[E]xposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Delaware v. Van Arsdall,

2

475 U.S. 673, 678-79 (1986) (internal quotation marks omitted). However, the district court has "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. at 679. Thus, we review the district court's limitations on cross-examination for abuse of discretion. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). "The critical question . . . is whether the defendant is allowed an opportunity to examine a witness['] subjective understanding of his bargain with the government, for it is this understanding which is of probative value on the issue of bias." United States v. Ambers, 85 F.3d 173, 176 (4th Cir. 1996).

We find that the district court did not abuse its discretion in preventing Walker's counsel from questioning the Government witness about the details of an unrelated state murder investigation. The record clearly demonstrates that counsel was given the opportunity to fully question the witness about his deal to cooperate with the Government for favorable consideration as a consequence of his testimony against Walker in the present case. Allowing counsel to delve further into the

3

details of the witness' cooperation in the state murder investigation for favorable consideration at a possible state sentencing would have served no real purpose, as counsel had already established that the witness sought favorable treatment for his cooperation both in the prosecution against Walker and in the unrelated state investigation.

In his pro se supplemental brief, Walker argues that the Government failed to prove that the alleged robbery affected interstate commerce and questions the credibility of the witnesses implicating him in the robbery. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The court "may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

A conviction under the Hobbs Act requires the government to prove "(1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). However, "the impact on commerce [may be] small, and it may be shown by proof of probabilities without evidence that any particular

4

commercial movements were affected." United States v. Brantley, 777 F.2d 159, 162 (4th Cir. 1985). The interstate commerce requirement has been broadly interpreted and courts have found it "satisfied even where the effect on interstate commerce is indirect, minimal and less than certain," although the effect must be "reasonably probable." United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990). Moreover, we have held that "[d]rug dealing . . . is an inherently economic enterprise that affects interstate commerce. For this reason, the robbery of a drug dealer has been found to be the kind of act which satisfies the 'affecting commerce' element of the Hobbs Act." Williams, 342 F.3d at 355 (internal citation omitted).

We conclude that the evidence, viewed in the light most favorable to the Government, is sufficient to sustain a conviction under the Hobbs Act. The victim, the co-conspirator, and a witness all testified that Walker was involved in the robbery. Moreover, the victim admitted that he was a known crack dealer, which Walker's co-conspirator confirmed, and that he earned at least some of the cash stolen by selling crack cocaine. Accordingly, we find that the jury's verdict is supported by substantial evidence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm the district court's judgment. This court requires that counsel inform Walker, in writing, of his right to petition the Supreme Court of the United States for further review. If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Walker. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>